Donald Newton, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare Respondent.

Argued February 2, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*O. Randolph Bragg*, with him, *Frank J. Bolock*, for petitioner.

*Jason W. Manne*, Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 9, 1981:

Donald Newton (petitioner) has appealed from a decision of the Department of Public Welfare (DPW) which upheld the action of the Lackawanna County Assistance Office in requiring reimbursement from the petitioner for general assistance benefits paid from April 1, 1979 through June 7, 1979. We vacate and remand for modification.

In July 1978, while receiving general assistance from DPW, the petitioner applied for federal social security disability and supplemental security income

benefits. He also executed a "Reimbursement Authorization" form at the request of DPW. The form contained the following provisions:

For and in consideration of assistance granted to me by the Pennsylvania Department of Public Welfare from State funds for basic needs until I receive Supplemental Security Income, I authorize the Secretary of Health, Education and Welfare to make the first payment of Supplemental Security Benefits for which I am determined to be eligible, for and on my behalf, to the Pennsylvania Department of Public Welfare.

I further authorize the Pennsylvania Department of Public Welfare to deduct from such first payment the amount of State assistance paid to me in the interim, and after making such deduction, promptly pay the balance, if any, to me.

It is understood that in the event of disagreement with the amount the Department of Public Welfare claims for interim assistance paid to me, I have the right to a hearing by the Department.

DPW continued to pay general assistance to the petitioner until June 18, 1979. Ultimately, the petitioner's application for disability benefits was approved, and he received a lump-sum award of supplemental benefits to cover the 9-month period from July 1, 1978 through March 31, 1979. Payment of this award was sent to DPW in June 1979, and DPW deducted $1,886 as reimbursement for general assistance benefits paid during the 11 1/2-month period from July 1, 1978 through June 18, 1979, at the rate of $164 per month. DPW asserts that this action was correct, while the petitioner contends that DPW

should have withheld reimbursement only for the 9-month period for which federal supplemental benefits were ultimately awarded.

In *Tunnicliff v. Department of Public Welfare,* 483 Pa. 275, 396 A.2d 1168 (1978), applicants received temporary assistance from DPW pending receipt of a lump-sum retroactive award of supplemental security income benefits. As a condition of receiving that temporary assistance, they executed a reimbursement authorization. The Supreme Court of Pennsylvania held that DPW's right to reimbursement from the supplemental benefits award arose from the contractual relationship created by the reimbursement authorization: "The instruments signed by appellants committed them to repay the interim assistance." *Id.* at 281, 396 A.2d at 1171. Therefore, the terms of the reimbursement authorization were controlling to the extent that they did not violate any applicable law.

In the present case, the contract authorized DPW "to deduct from such first payment the amount of State assistance paid to [the petitioner] in the interim." Unfortunately, the contract did not specify the events by which this interim could be measured. Both sides agree that the interim was to begin with the onset of eligibility for supplemental benefits, but it is not clear whether it was to end when eligibility for supplemental benefits terminated or when DPW stopped paying general assistance or when DPW received the lump-sum benefit payment from the federal government.

The law recognizes the principle that ambiguous language in a contract must be construed against the party responsible for it. *In re Estate of Breyer,* 475 Pa. 108, 116, 379 A.2d 1305, 1310 (1977). The *Breyer* opinion also cites Restatement (Second) of Contracts §232 (Tent. Drafts Nos. 1-7, rev. and edit. 1973) which

provides that "[i]n choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds."

The term "interim" as it is used in the reimbursement agreement is ambiguous because it is capable of more than one reasonable meaning. The reimbursement agreement consists of a preprinted form prepared and supplied by DPW, so we should choose that reasonable meaning which favors the petitioner over DPW. Therefore, we hold that the reimbursement agreement executed by the petitioner authorized DPW to withhold reimbursement for the interim between the onset of eligibility for federal supplemental security income benefits and the termination of that eligibility, in this case the 9-month period between July 1, 1978 and March 31, 1979.

Our holding, that the interim ended when eligibility for supplemental benefits terminated, is also supported by certain provisions of the Social Security Act, 42 U.S.C. §1383(g)(1), which state, in part:

> [T]he Secretary may, upon written authorization by an individual, withhold benefits due with respect to that individual and may pay to a State (or a political subdivision thereof if agreed to by the Secretary and the State) from the benefits withheld an amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the individual by the State (or political subdivision).

"Interim assistance" is defined in 42 U.S.C. §1383 (g)(3) as follows:

> '[I]nterim assistance' . . . means assistance financed from State of local funds and furnished for meeting basic needs *during the*

*period, beginning with the month in which the individual filed an application for benefits . . ., for which he was eligible for such benefits.* (Emphasis added.)

We believe that these provisions limit the extent to which the supplemental benefit payments may be encumbered by the state; the state may only withhold that amount which it paid to an individual during his eligibility for supplemental benefits.

For these reasons, we enter the following

ORDER

AND Now, this 9th day of April, 1981, the decision of the Department of Public Welfare, issued November 29, 1979, which upheld the withholding of $1,886 from a lump-sum award of supplemental security income benefits to Donald Newton is hereby vacated, and the case is remanded to the Department of Public Welfare for a modification of the decision consistent with this opinion.

Judge WILKINSON, JR., did not participate in the decision in this case.