Marcial C. Vasquez, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 4, 1981, before President Judge CRUMLISH, and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John S. Alexander,* for petitioner.

*Jason W. Manne,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 1, 1981:

Petitioner Marcial C. Vasquez, who has been initially a recipient of state general assistance (GA) and subsequently a recipient of federal supplemental security income (SSI) benefits covering part of the same period, claims that the Pennsylvania Department of Public Welfare (DPW) has withheld from him more money than is required or authorized to recoup from him "the amount of State assistance paid . . . in the interim." The quoted terms are from DPW Form PA-176S, which the recipient executed when he applied for the SSI benefits.

The recipient was paid GA benefits from October 4, 1977 until March 21, 1979.[1] The SSI decision, which was not made until November, 1979, granted him SSI benefits retroactively to cover the period from March, 1978 through December, 1978. Thus the overlapping of GA coverage and SSI coverage which existed in 1978 did *not* persist while recipient was continuing to receive GA benefits in January, February and March of 1979.

However, from the SSI payment of $2171.60, DPW deducted for the recoupment of GA benefits the amount of $2050.00 before refunding the balance to recipient. In computing the deduction, DPW included the amounts of GA benefits paid for the first three months of 1979, not covered by SSI.

---

[1] The GA benefits ceased on that date because recipient received a check for federal social security disability payments, which are insurance payments from which, DPW admits, welfare program payments, such as GA (or SSI) benefits cannot be recouped.

DPW claims that its action was authorized by 55 Pa. Code §297.3(c)(1), which states, in part:

Applicants or recipients of public assistance . . . who have applied for SSI . . . will be required to agree to repay the amount of assistance granted to them pending their receipt of SSI. *The 'amount of assistance granted' includes only the assistance for which the recipient would not have been eligible had he received SSI on a timely basis. . . .* (Emphasis added.)

In our view, the quoted regulation calls for reimbursement only of GA benefits which have been duplicated or overlapped by SSI. We recently reached that interpretation in *Newton v. Department of Public Welfare*, 58 Pa. Commonwealth Ct. 417, 427 A.2d 792 (1981), in which we held that recoupment from SSI benefits for GA benefits can be measured only by GA benefits paid over the same period as that covered by the SSI benefits. We there noted that our holding was also consistent with the pertinent federal provisions in the Social Security Act, 42 U.S.C. §1383(g)(1), (3).

Therefore, the conclusion must be that DPW was not authorized to withhold SSI for the amount of GA benefits paid for the period after January 1, 1979. We reverse, with a direction that the deduction and refund be modified in accordance with this opinion.

ORDER

Now, May 1, 1981, the decision of the Department of Public Welfare, dated April 11, 1980, withholding $2050.00 from a lump-sum award of supplemental security income benefits to petitioner is hereby reversed and vacated, and the Department of Public Welfare is directed to modify the deduction and refund in accordance with the foregoing opinion.

Judge WILKINSON, JR. did not participate in the decision in this case.