John Reese, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 17, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three

*Stuart A. Cilo,* for petitioner.

*Mary Frances Grabowski,* for respondent.

OPINION BY JUDGE MENCER, November 24, 1981:

John Reese (petitioner) has appealed from an order of the Department of Public Welfare (DPW) determining the amount owed by the petitioner to DPW as reimbursement for general assistance. We affirm.

On November 1, 1978, the petitioner applied to the Mifflin County Board of Assistance for general assistance payments. He was then unemployed and had applied for unemployment compensation benefits which were being contested by his previous employer. The application was approved and the petitioner executed an "Agreement for Repayment—Delayed Unemployment Compensation Checks" which obligated the petitioner to repay DPW if he ultimately prevailed in his application for unemployment compensation.[1]

On May 21, 1980,[2] the petitioner finally received payment of unemployment compensation benefits for the 32-week period from November 6, 1978 through

---

[1] The agreement reads as follows:

I, John E. Reese of 26 Chestnut St., Lewistown, Pa. 17044 in consideration of the assistance granted or to be granted to or for me and/or to or for my spouse and unemancipated minor children pending the receipt of delayed Unemployment Compensation checks due me, do hereby agree to repay such assistance from said Unemployment Compensation checks. It is understood that these checks will be delivered to me by a representative of the Department of Public Welfare and that I will endorse said checks and pay so much thereof as is necessary to repay such assistance.

Dated 5/7/79                    Signed John E. Reese

[2] There is some confusion in the record concerning the applicable dates, and the written decision of DPW is less than instructive. The parties agree, however, on the amounts of money involved, so

June 19, 1979. The checks were forwarded to DPW which attempted to deduct reimbursement in the amount of $2,925.90 for general assistance paid during the 80-week period between November 6, 1978 and May 21, 1980. The petitioner refused to authorize a deduction in that amount but offered to authorize a deduction to reimburse DPW for the assistance paid during the 32-week period during which he was actually eligible for unemployment compensation benefits. After a hearing, DPW determined that the petitioner was required to authorize reimbursement for the 80-week period. This appeal followed.

The legal relationship between the Commonwealth and the recipient of general assistance is complex. The Commonwealth has assumed the duty of providing assistance to persons who meet certain eligibility requirements. The Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §§101-1503. In return, the Commonwealth has imposed upon general assistance recipients the duty to repay the state from real or personal property owned during the time period in which such assistance was granted, or from property which resulted from a right or cause of action which existed during that time period. Section 4(a) of The Support Law, Act of June 24, 1937, P.L. 2045, *as amended,* 62 P.S. §1974(a).

In this case, the petitioner possessed a right or cause of action which arose out of his claim for unemployment compensation benefits. This right or cause of action existed when he applied for general assistance and did not expire until his claim was paid on May 21, 1980.[3] On that date, the right or cause of ac-

---

any discrepancy which may exist in the dates we have used is irrelevant.

[3] The record indicates that certain of the checks were sent directly to DPW. This "constructive receipt" by the petitioner was sufficient to cause the right or cause of action to expire.

tion resulted in "ownership" of personal property in the form of cash. Under Section 4(a) of The Support Law, that personal property was then "liable" for the expenses of support which were incurred by the Commonwealth during the life of the right or cause of action, *i.e.*, the 80-week period between November 6, 1978 and May 21, 1980.

In addition to this statutory obligation, the petitioner entered into a contract to repay the Commonwealth. The "Agreement to Repay" provides that the petitioner will reimburse the Commonwealth from his unemployment compensation checks for general assistance granted pending *receipt* of those checks. This contract may have been illusory and unenforceable because it merely reiterated the petitioner's statutory duty, *Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 344 A.2d 837 (1975), but we need not decide this issue since the petitioner is obligated by statute to reimburse DPW from his unemployment compensation checks for assistance received between November 6, 1978 and May 21, 1980. *See also Newton v. Department of Public Welfare*, 58 Pa. Commonwealth Ct. 417, 427 A.2d 792 (1981) (recipient of general assistance had no statutory duty to repay *from Supplemental Security Income benefits* because of express federal legislation, but his contractual obligation to repay from those benefits was enforceable).

Therefore, we will enter the following

## ORDER

AND Now, this 24th day of November, 1981, the order of the Department of Public Welfare, dated August 8, 1980, which required John Reese to authorize reimbursement, in the amount of $2,925.90, from delayed unemployment compensation checks to the Department of Public Welfare for general assistance benefits is hereby affirmed.