Karen D. Kossman, on behalf of minor dependent children, Michael McClure and Melissa Delo, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

18

Argued May 6, 1982, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*James Bukac*, for petitioner.

*Jean E. Graybill*, Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, September 10, 1982:

The petitioner, Karen D. Kossman, appeals here from an order of the Department of Public Welfare (DPW) which discontinued Aid to Families with Dependent Children (AFDC) benefits to her children because of her refusal to sign a reimbursement agreement.

The petitioner lives with her husband, two minor children from a previous marriage for whom she had been receiving AFDC benefits, and a minor child of her present husband. On June 20, 1980 she and her present husband jointly purchased a home to which they took title as tenants by the entireties. When the County Assistance Office (CAO) learned of this acquisition, it informed her that she would have to sign a reimbursement agreement encumbering her property if she wished to receive further AFDC assistance for her children.[1] She declined to sign the agreement because her husband refused to allow an encumbrance of the property because he was not legally responsible for the support of her two children. The Venango County Board of Assistance then notified her of its intention to discontinue both AFDC and medical assistance benefits for the children as of September 5, 1980. After a fair hearing on her appeal, the hearing

---

[1] Section 257.22 of the Public Assistance Manual (PAEM), 55 Pa. Code §257.22, provides in pertinent part:

*Ownership of property* — In accordance with the Support Law, (62 P.S. §§1971-1977), only property owned or to which there was a right of ownership at the time assistance was received will be held liable. Reimbursement will be based on such property, not on property acquired after discontinuance of assistance. A right to ownership will exist when there is a resource of which actual possession is delayed because of legal process or other reason.

The petitioner's liability for reimbursement, therefore, dates only from June 20, 1980, the date on which she acquired her interest in the real property.

examiner held that, while her children remained eligible for medical assistance,[2] they were ineligible for continued AFDC benefits because of her refusal to execute a lien in favor of the Department on the real property owned by her and her husband. This decision was affirmed by the Director of the Office of Hearings and Appeals and, following a request for reconsideration, the Secretary of DPW issued a final order affirming the decision of the Director. The petitioner then appealed to this Court. During the appellate process the petitioner's children have continued to receive AFDC benefits.

The petitioner argues that the regulations promulgated by the DPW are based upon and are consistent with The Support Law (Law), Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. §§1971-1977, and that ownership of an entirety interest is not the type of financial ability contemplated by the law in requiring persons within a certain family relationship to support indigent family members. *Department of Public Assistance v. Sharago*, 381 Pa. 74, 112 A.2d 162 (1955). Section 4(a) of the Law, 62 P.S. §1974(a), provides in pertinent part that:

> the real and personal property of any person shall be liable ... for the expenses of the support, maintenance, assistance and burial of the spouse and unemancipated minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property

---

[2] The petitioner's children continue to be eligible for medical assistance because real property liens are not a condition of eligibility for such assistance.

resulted. Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment obtained shall be a lien upon the said real estate of such person and be collected as other judgments, except as to real and personal property comprising the home and furnishings of such person, which home shall be subject to the lien of such judgment but shall not be subject to execution on such judgment during the lifetime of the person, surviving spouse, or dependent children.

The petitioner relies on *Sharago* and on *Department of Public Assistance v. Hornacek*, 347 Pa. 596, 32 A.2d 761 (1943), but this reliance is misplaced because these cases were decided on the basis of Section 4(a) of the Law, 62 P.S. §1974(a), as in force prior to the 1951 amendment by which the word "indigent", as used to qualify the word "person", was deleted and by which the provision making the property of a person liable for support of "the spouse and minor children of such property owner" was added.[3] In *Waits' Estate*, 336 Pa. 151, 7 A.2d 329 (1939), our Supreme Court recognized the Commonwealth's right to repayment as one well-rooted in the common law under which "there is an implied duty on the part of a recipient of public assistance, or his estate, to make reimbursement." *Id.* at 156, 7 A.2d at 331. Among the several policy considerations underlying the rules and regulations promulgated by the DPW to implement the common law and The Support Law are:

(1) There are two closely related reasons for reimbursement. The first rests on the basic

---

[3] Section 4(a) of the Law, 62 P.S. §1974(a), was amended September 26, 1951; the action brought against Mrs. Sharago by the Department of Public Assistance was for reimbursement of benefits paid to her husband from March 1947 through August 1951 and that action was, therefore, subject to the Law as in effect prior to the 1951 amendments.

principle that public assistance supplements resources and that whenever assistance is granted in lieu of the utilization of certain resources, the assistance should be repaid whenever these resources become available. The second reason relates to the financing of the program. Reimbursement results in a recovery of money that is then available for redistribution as assistance, thereby reducing to this extent the need for additional tax revenues.

(2) Requiring reimbursement from persons who receive assistance in lieu of the utilization of certain resources will insure that they are treated equitably with other persons who have the same kind of resources but who use their resources instead of seeking public assistance. Inherent in this concept is a further saving of tax moneys, since persons will thereby be encouraged to find ways of remaining independent of public assistance.

. . . .

(4) Protection and collection of the Commonwealth's claim for reimbursement are mandatory, and the interests of the Commonwealth are best protected by providing that property owners pledge property which is liable for reimbursement as security for future reimbursement of assistance received by them or by persons for whom they are held responsible.

Section 257.21 of the Public Assistance Manual (PAEM), 55 Pa. Code §257.21. Under DPW regulations, a property-owning parent who is receiving AFDC benefits for her children is required to acknowledge, in writing, that her property is liable for reimbursement and such an acknowledgement will then be recorded at the courthouse and become a lien against the real estate so owned. Section 257.24 of PAEM, 55 Pa. Code §257.24.

The petitioner argues that she and her husband hold title to the property as tenants by the entireties and that, where such a form of ownership is present, neither spouse may independently dispose of any part so as to effect a severance of the estate, nor may he or she encumber the property in any way. It is well-settled that a wife's attempt to alienate or encumber an estate by the entireties absent her husband's joinder violates the Statute of Frauds and is unenforceable against the husband. *Del Borrello v. Lauletta*, 455 Pa. 350, 317 A.2d 254 (1974). Each spouse owns the entire estate as long as both are living and, upon the death of one spouse, the survivor continues to hold the land, not as a new estate, but as a continuation of the previous one. *Salzman v. Miller*, 471 Pa. 104, 369 A.2d 1216 (1977). However, Section 4(a) of the Law, 62 P.S. §1974(a), specifically provides that where, as here, the real property is the home of the person liable for reimbursement, the lien of judgment upon the property "shall not be subject to execution on such judgment during the lifetime of the person, surviving spouse, or dependent children." Therefore, should the parties ever be divorced, the nature of their interest would then convert from a tenancy by the entireties to a tenancy in common and either party could seek to partition the property. Section 1 of the Act of May 10, 1927 (Act), P.L. 884, *as amended*, 68 P.S. §501. In the event of such a partition, Section 3 of the Act, 68 P.S. §503, provides, in pertinent part, that after the recording of the decree of divorce and indexing it in the grantor's index against each of the tenants by the entireties:

> The proceeds of any sale under the provisions of this act ... shall be equally divided between the parties, subject, however, to the deduction therefrom of ... the amount of any liens *entered of record* against *either* of such

parties, together with interest due and costs taxed thereon, shall be deducted from the share of the party against whom such lien is filed, and paid to the person or persons to whom the same is due and payable.... (Emphasis added.)

Inasmuch as the Act is in derogation of the common law concerning property held by the entireties, it must be strictly construed. *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973). "The statutory language is clear—only liens of record may be deducted from the proceeds of the partition sale." *Barale v. Barale*, 282 Pa. Superior Ct. 213, 219, 422 A.2d 1082, 1084 (1980). It is important, therefore, that the DPW, as the conservor and administrator of the AFDC funds, establish and preserve its legal entitlement to repayment should funds from reimbursable property become available.

We believe that the DPW regulatory requirement that the petitioner execute a reimbursement agreement does not intrude upon the entireties interest present here, but merely seeks to insure the future accessibility of any recoverable money to which the DPW may be entitled upon termination of the tenancy by the entireties. We further believe that the petitioner's refusal to sign a reimbursement agreement whereby she would encumber her property constituted a failure to meet a condition of eligibility for receipt of AFDC benefits. In the absence of a reimbursement agreement signed by the petitioner, therefore, the DPW acted properly in discontinuing payment of AFDC benefits for her two minor children, and we will affirm the order of the DPW.

### ORDER

AND, Now, this 10th day of September, 1982, the order of the Department of Public Welfare in the above-captioned matter is affirmed.

Judge WILLIAMS, JR. concurs in result only.