Marjorie S. Farrell, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs September 13, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Joseph A. Campagna, Jr.,* with him *James D. Shomper, Jr.,* for petitioner.

*Edward P. Carey,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 7, 1982:

Petitioner, Marjorie S. Farrell, has brought this appeal from a Department of Public Welfare (DPW) order dated February 15, 1979, terminating Aid to

Families with Dependent Children (AFDC) benefits as a result of Petitioner's refusal to sign a form PA-9 reimbursement agreement. For the reasons which follow, we must reverse.

Petitioner resides with her husband, Duane H. Farrell, and her three minor children by a previous marriage. Mr. Farrell is not the father of the children nor has he adopted them; as a result, Mr. Farrell is not a legally responsible relative of the children and has no duty, under DPW regulations, to support them. Mr. and Mrs. Farrell are owners, as tenants by the entireties, of real property in Lewisburg, Pennsylvania. Mr. Farrell refuses to allow the property to be considered a resource for the children's benefit and has refused to sign a Form PA-9 also.

Petitioner relies upon the following regulation adopted by DPW on June 1, 1977, to support her claim that she was not required to sign a form PA-9.

*Property owned by the Entireties*

Entireties property is property owned jointly by a husband and wife. One spouse cannot without the other spouse's consent use the property to support children for whom both persons are not legally responsible. Therefore, in cases where the assistance recipient is an individual for whom both husband and wife are not legally responsible and neither husband nor wife receives assistance benefits, property owned by the entireties cannot be considered available without the consent of the nonlegally responsible relative. Questionable cases should be referred to claim settlement for determination.

Wherever the caretaker relative has remarried and the spouse has not adopted the caretaker's children, [County Boards of Assstance] are required to first determine if a particular re-

source is held by the caretaker and spouse as entireties property before considering it available.

55 Pa. Code §177.23(8)(iv)(C).[1] It is the contention of Petitioner that this section exempts any and all entireties property as a resource to be considered in determining eligibility. DPW counters by directing our attention to the notice of adoption of the regulation at 7 Pa. B. 1592 (1977) where the regulation is explained as applying only to personal property.

We cannot, however, look beyond the words of this regulation where they "are clear and free from all ambiguity." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).[2] The regulation, as written and located[3] in the Pennsylvania Code at the time relevant to this case, made no distinction between real and personal entireties property and we cannot add such a distinction. Thus this entireties property may not be considered an available resource.

We find further support for this decision from DPW itself. On December 1, 1979, DPW removed the Properties owned by the Entireties provision from Section 177.23 and placed it under the "Personal Property" provisions of Sections 181.43 and 181.63. See 55 Pa. Code §§181.43(a)(3), 181.63(a)(3). In the notice published at 10 Pa. B. 43 (1979), DPW stated: "This distinction [that the section only applied to personal property] was not made in the regulations themselves. When the new Manual was developed, the regulations, instead of being added to the personal

---

[1] The section has since been amended. Section 177.23, as it existed at the time relevant to this case, may be found at serial pages 33192-33198.

[2] The Statutory Construction Act of 1972 is applicable to the interpretation of agency regulations. 1 Pa. C. S. §1502(a)(1)(ii).

[3] Section 177.23 is labeled as a "General Requirements" section.

property section (Chapter 181) were included in the general resource section (Chapter 177).

Therefore, the Department is correcting this error [by this amendment]."

Of course, the mere fact that DPW has exempted property from consideration as a resource does not necessarily mean that DPW may not still require Mrs. Farrell to acknowledge liability for the assistance received. This Court has previously held, in *Congleton v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 615, 409 A.2d 1382 (1980), that DPW may condition eligibility upon the signing of an acknowledgement of liability for reimbursement even if the named property is not liable for reimbursement. *See Blake v. Department of Public Welfare*, 63 Pa. Commonwealth Ct. 491, 439 A.2d 1262 (1981).

However, *Congleton* was specifically based upon the fact that the form involved there, PA 176-K, was only an acknowledgment of liability, not an assignment or other "legal" process. Here, the Form PA-9 "contains a confession of judgment which, when signed and recorded with the Prothonotary of the county in which the property is located, will become a lien against the real property. . . . The lien thus obtained will make it unnecessary to obtain judgment through suit." 55 Pa. Code §257.24(b)(1)(i). Signing such a form is therefore more than just an acknowledgement and eligibility may not be conditioned on the signing of a lien to property which was not at the time an available resource. *See Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973).

We are, of course, cognizant of this Court's recent decision of *Kossman v. Department of Public Welfare*, 69 Pa. Commonwealth Ct. 17, 450 A.2d 239 (1982), which upheld the right of DPW to require a responsible parent to execute a reimbursement for real property held as tenancies by the entireties with a non-

responsible spouse. We do not, by this opinion, intimate any disagreement with that opinion. An examination of the facts in that case discloses that the refusal to sign the Form PA-9 occurred sometime around June 20, 1980, well after the December, 1979 amendments to the Pennsylvania Code which restricted the Entireties provision to personal property. Thus the problem in this case was never an issue in *Kossman.* It is only because of the unique facts of this case that we are constrained to hold that DPW may not terminate AFDC benefits for Petitioner's refusal to sign the Form PA-9.[4]

### ORDER

The Order of the Department of Public Welfare, dated February 15, 1979, is hereby reversed.

---

[4] Benefits claimed by Petitioner after the December 1, 1979 amendments to 55 Pa. Code would be denied, of course, if Petitioner refused to sign Form PA-9.