Marjorie Simms, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs to President Judge CRUMLISH, JR. and Judges COLINS and BLATT, sitting as a panel of three.

*David L. Hill,* for petitioner.

*Catherine Stewart,* Assistant Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 27, 1984:

Simms appeals a Department of Public Welfare (DPW) order reversing a hearing examiner's decision to continue general assistance benefits. We affirm.[1]

Simms has been a recipient of public assistance benefits since December, 1971. She has owned a house in Philadelphia since January, 1966, which she vacated in 1979 due to its extreme state of disrepair.[2]

---

[1] Our scope of review from a final order of the Department of Public Welfare is limited to whether an error of law was committed, constitutional rights were violated or findings of fact were unsupported by substantial evidence. *Hardy v. Department of Public Welfare,* 81 Pa. Commonwealth Ct. 428, 429 n. 2, 473 A.2d 1138, 1139 n. 2 (1984).

[2] Simms applied to the City of Philadelphia, Office of Housing and Community Development, for funds to make repairs to her home. As of the date of the hearing, she had not received any money for renovation of the house.

On November 6, 1980, the County Assistance Office informed Simms that on November 24, 1980, her assistance benefits would be discontinued because she owned nonresident real property which had not been marketed for sale.

The hearing examiner instructed the Philadelphia County Board of Assistance to continue benefits. On appeal, DPW reversed the decision of the hearing examiner and found that Simms was ineligible for public assistance because of her ownership of the real property. Upon reconsideration, the Secretary of Public Welfare affirmed the decision of DPW.

Simms contends that her property should not be considered a resource because the extensive liens and encumbrances against it negate any real market value. We disagree.

This Court will not look beyond the words of a regulation where they "are clear and free from all ambiguity." *Farrell v. Department of Public Welfare,* 70 Pa. Commonwealth Ct. 278, 280, 452 A.2d 1130, 1132 (1982). Under the Real Property Provisions for General Assistance,[3] Simms' property is defined as nonresident real property. The provisions further provide that "[t]he individual who owns real property which is not his home is ineligible unless [s]he takes adequate steps to sell it at its approximate market value when it is offered for sale on the open market."[4] These regulations implement the directive of Section 432.5(d) of the Public Welfare Code, Act of June 13,

---

[3] 55 Pa. Code §179.22. This section defines nonresident real property as:

Property not used as a home by the client, his spouse, or his minor or incompetent adult children, or property that has been the home of the client or his spouse but has not been so used for six consecutive months and there appears little likelihood that either will return to it.

[4] 55 Pa. Code §179.23(3).

1967, P.L. 31, *as amended*, 62 P.S. §432.5(d).[5] Neither the statute nor the regulations provides for an exception to this requirement regardless of whether the property has substantial liens and encumbrances.[6] We hold that DPW did not err in its determination that Simms was ineligible for general assistance benefits.

Affirmed.

### ORDER

The Final Order of the Secretary of the Department of Public Welfare, dated March 5, 1981, is affirmed.

---

[5] This section provides:

In the case of nonresident real property, the applicant or recipient must take adequate steps to offer such property for sale on the open market, convert it to cash, with such sums being considered an available resource. The applicant or recipient shall acknowledge the liability of the property for reimbursement.

[6] Because we limit our holding to the denial of general assistance benefits due to Simms' ownership of nonresidential real property, we do not reach the issues of any possible eligibility for medical benefits or food stamps.