Mark Huckel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March, 4, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Neil E. Jokelson, Jokelson and Rosen, P.C.,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 6, 1982:

Mark Huckel appeals an Unemployment Compensation Board of Review order withholding $128.00 in benefits as a partial liquidation of a fault overpayment owed by Huckel. We affirm.

An earlier Board decision, which was never appealed, concluded that Huckel was liable for fault overpayments in the amount of $576.00.[1] This conclusion was based on a finding that Huckel misrepresented the reason for his unemployment, *i.e.*, he indicated he was laid off for no reason when in fact he had been discharged for willful misconduct. While he was waiting for receipt of his unemployment benefits, he received assistance from the Department of Public Welfare. When Huckel began to receive his unemployment benefits, five checks were sent directly to DPW as reimbursement for assistance received. When Huckel again became unemployed during 1980, the Office of Employment Security applied the amount of his eligibility to the still-pending overpayment and withheld the $128.00 for which he was eligible. The Board affirmed and Huckel has now appealed.

The gist of Huckel's argument, for which no citation to case or statutory law is given, is that, because some of the payments went directly to DPW and never passed through his hands, they should be deducted from the amount of overpayment that he has been assessed with. He asserts that, since the fault overpayments were going directly from one government pocket to another, he should not now have his benefits applied to reduce the overpayments. We disagree.

In *Reese v. Department of Public Welfare*, 62 Pa. Commonwealth Ct. 579, 437 A.2d 479 (1981), this Court reached two conclusions adverse to Huckel's claim. First, there is a statutory obligation to reimburse DPW for the money later received from the unemployment compensation fund. In reaching this conclusion, the Court stated:

---

[1] Section 804 of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §874(a).

In this case, the petitioner possessed a right or cause of action which arose out of his claim for unemployment compensation benefits. This right or cause of action existed when he applied for general assistance and did not expire until his claim was paid on May 21, 1980. On that date, the right or cause of action resulted in "ownership" of personal property in the form of cash. Under Section 4(a) of The Support Law, that personal property was then "liable" for the expenses of support which were incurred by the Commonwealth during the life of the right or cause of action.... (Footnote omitted.)

*Id.* at 581, 437 A.2d at 480. Additionally, we concluded that, when the checks were sent directly to DPW, this constituted "constructive receipt" to the claimant. *Id.* at n. 3.

Based on *Reese*, we conclude that Huckel was in constructive receipt of the checks sent to DPW; that he was under a statutory duty to reimburse DPW for the assistance he had received pending receipt of unemployment benefits; and that he used the fault overpayments to meet this legal obligation. He must reimburse the Unemployment Compensation Fund for the funds received and used to meet *his* legal obligations.

Affirmed.

### Order

The order of the Unemployment Compensation Board of Review, No. B-186652, dated August 7, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.