535 A.2d 713

David J. Organ, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, and Office of Budget and Administration, Department of Labor & Industry, Respondents.

Argued November 16, 1987, before Judges CRAIG, COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

Held: Reversed. Reimbursement ordered plus interest.

*Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for petitioner.

*Robert J. Schwartz,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 7, 1988:

David J. Organ, a recipient of benefits under both the Heart and Lung Act[1] and the Workmen's Compensation Act,[2] appeals a determination of the Office of Budget and Administration deducting from his salary the amount of the workmen's compensation award paid directly to his attorney.

The undisputed facts are established by documentary evidence in the record. Mr. Organ suffered a heart attack while employed as a state trooper, which resulted in his receiving benefits under the Heart and Lung Act. Mr. Organ also applied for and received workmen's compensation benefits.[3] Twenty percent of the award went directly to Mr. Organ's attorney, and the balance of the award went to the state police as required by the Heart and Lung Act. Mr. Organ later retired from the state police. Upon receipt of a retirement

---

[1] Section 1 of the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §637.

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

[3] In the briefs and argument, counsel for Mr. Organ offered no explanation of why Mr. Organ pursued the workmen's compensation claim, and the Commonwealth has offered no objection or criticism with respect to that course of action.

and sick leave payment, he discovered that the Commonwealth had deducted from that money the amount of the workmen's compensation award which had been paid directly to his attorney.[4]

After Mr. Organ protested this deduction, the Office of Budget and Administration ruled that the Heart and Lung Act requires that money paid directly to an attorney from the workmen's compensation award be credited to the Commonwealth as if paid by the state to the employee.

The issue is whether the portion of the workmen's compensation benefits paid directly to the attorney was constructively received by Mr. Organ and was therefore subject to recovery by the Commonwealth under the Heart and Lung Act.

Because the rules of statutory construction require a literal reading of the statute and because Mr. Organ never actually received the portion of the workmen's compensation benefits paid directly to his attorney, nor any benefit therefrom greater than what the state received, that portion is not subject to recovery by the Commonwealth. Therefore, we reverse.

The Heart and Lung Act provides as follows:

(a) Any member of the State Police Force . . . who is injured in the performance of his duties . . . and by reason thereof is temporarily incapacitated from peforming his duties, shall be paid by the Commonwealth of Pennsylvania. . . . During the time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania . . . *any workmen's compensation, received or collected by any such employee for*

---

[4] Under the Heart and Lung Act, sick leave benefits are treated as a fixed component of salary and remain unaffected during the period of disability. *Tyson v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 213, 446 A.2d 733 (1982).

*such period, shall be turned over to the Com-*
*monwealth of Pennsylvania . . .* and paid into
the treasury thereof, and if such payment shall
not be made by the employe the amount so due
the Commonwealth of Pennsylvania shall be
deducted from any salary then or thereafter be-
coming due and owing.

53 P.S. §637 (emphasis added).

The Commonwealth would apply the statute here as
if the attorney's fee portion of the workmen's compensa-
tion award had been paid solely to and for the benefit of
the claimant.

A literal reading of the statute does not support the
Commonwealth's position.[5] The statute states that any
money from workmen's compensation *received or col-*
*lected* by a beneficiary under the Heart and Lung Act
must be turned over to the Commonwealth. Mr. Organ
never received or collected the portion of the workmen's
compensation award paid directly to his attorney.

To accept the Commonwealth's argument, we would
have to find Mr. Organ to be in constructive receipt of
the payment made to the attorney. The concept of con-
structive receipt exists to prevent injustice.

In *Huckel v. Unemployment Compensation Board of
Review,* 68 Pa. Commonwealth Ct. 193, 448 A.2d 700
(1982), Mr. Huckel misrepresented the reason for his
unemployment when he applied for unemployment
benefits. While waiting for the receipt of unemploy-

---

[5] The Statutory Construction Act requires that all provisions of
a statute enacted "prior to September 1, 1937 which are in deroga-
tion of the common law" be strictly construed. 1 Pa. C. S.
§1928(b)(8). The Heart and Lung Act, enacted in June of 1935, is in
derogation of the common law in that it provides that employers can
be liable without fault. Therefore, the Statutory Construction Act
requires that the language of the Heart and Lung Act be strictly
construed.

ment benefits, he applied for and received welfare benefits. When Huckel began to receive his unemployment benefits, the Office of Employment Security (OES) sent the first five checks to the Department of Public Welfare as reimbursement. OES later determined that Huckel was liable for a fault overpayment because of his misrepresentation. When Huckel again became unemployed, the OES withheld the amount of the fault overpayment made during his earlier receipt of unemployment benefits. Huckel argued that he had never received the overpayments because they had been sent to the Department of Public Welfare and therefore he should not be liable because the overpayment had simply gone from one branch of the government to another. The *Huckel* court rejected this argument and held that Huckel was in constructive receipt of the payments and therefore liable for the fault overpayments.

Thus, in the *Huckel* case, this court applied the principle of constructive receipt to ensure that Mr. Huckel would not benefit unjustly from his misrepresentation to the OES. Unlike the *Huckel* case, the application of constructive receipt in this case would not correct an injustice but would create one.

Although a Heart and Lung Act beneficiary is not required to recover workmen's compensation, if the employee recovers workmen's compensation benefits, he must relinquish them to the employer. Therefore, proceeds which a Heart and Lung Act beneficiary receives from workmen's compensation may inure to the benefit of the employer, at least if insurance is involved, as is the case with respect to many municipal employers of Heart and Lung Act beneficiaries. To make Mr. Organ also responsible for the 20% of the workmen's compensation award paid directly to the attorney would penal-

ize pursuance of a process which tends to benefit employers.[6]

Moreover, the purpose of the Heart and Lung Act is to provide important public safety personnel with full compensation while disabled from work related injuries. Official Attorney General Opinion, 79-4. In this case, the determination of the Department of Budget and Administration obviously would defeat the legislative purpose of providing full compensation.

Accordingly we reverse the determination of the Office of Budget and Administration.

### ORDER

Now, January 7, 1988, the determination of the Office of Budget and Administration dated January 23, 1986 is reversed. The Commonwealth is ordered to pay Mr. Organ $2,888.46 plus interest.

---

[6] In this case the Commonwealth, through the state police, apparently bears the cost of the workmen's compensation payments as well as the Heart and Lung Act payments. Thus, the Commonwealth argues that it did not receive any benefit from Mr. Organ's recovery of workmen's compensation payments. However, because insurance may be involved in many instances as noted above, that argument does not meet the broader implications.