**William J. FEINEIGLE, Jr., Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 19, 1996.

Decided July 25, 1996.

---

James L. McAneny, for Petitioner.

Joanna N. Reynolds, Assistant Counsel, for Respondent.

Before DOYLE and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Trooper William Feineigle appeals from an order of the Commissioner of the Pennsylvania State Police (Commissioner) denying Feineigle's claim for benefits under the Heart and Lung Act (Act).[1] We affirm.

Feineigle is a member of the Pennsylvania State Police. Pursuant to field regulations, all members of the Pennsylvania State Police are required to qualify with weapons on a semi-annual basis.

Field regulation 9–2 (FR 9–2), governing weapons qualification and familiarization, includes specific details regarding the weapons, ammunition and positions which members must utilize when qualifying. *See* Original Record (O.R.)—Pennsylvania State Police Exhibit No. 5. The objective of FR 9–2 "is to ensure that each member is capable of

demonstrating safe and proficient use of the issued revolver, other Department weapons and personal handguns." *Id.*

Members who fail to qualify are given two additional attempts to qualify under the supervision of a firearms instructor. *Id.* Members who fail to qualify on the third opportunity are provided with remedial training and given two additional attempts to qualify.[2] *Id.* If remedial training is provided to a member because of his failure to qualify, that training is provided during on-duty time.

Members are not required by regulation to practice for weapons qualification and familiarization during off-duty hours. Members are not prohibited by regulation from practicing with a service weapon during off-duty hours.

Ammunition is not provided by the Pennsylvania State Police to its members for the purpose of practicing for weapons qualification during off-duty hours. Ammunition is provided by the Pennsylvania State Police for the purpose of actual weapons qualification and familiarization.

Feineigle was scheduled for mandatory weapons qualification and familiarization on September 21, 1994. Feineigle was assigned to work on September 20, 1994 from 8:00 a.m. to 4:00 p.m.. At some time after 4:00 p.m. on September 20, 1994, Feineigle went to a private indoor firing range to practice for his mandatory weapons qualification the next day. During his practice session, Feineigle used his Pennsylvania State Police issued weapon and the type of ammunition which the state police provides for the qualifications. In addition, Feineigle wore his state police issued leather gear and practiced from the positions and distances required during the qualification.

At approximately 6:30 p.m. to 7:00 p.m. on September 20, 1994, while practicing for his mandatory weapons qualification, Feineigle

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637, 638.

2. We note that the Commissioner, in his adjudication, finds that members who continue to fail to qualify are provided with remedial training and given *two* additional attempts to qualify.

The text of FR 9–2 provides that at the end of the remedial training, members shall be afforded *one* opportunity to qualify. This discrepancy, however, is immaterial to this court's appellate review of this matter.

was injured when a fragment from a shell casing struck him in the right arm. Based upon an investigation of the accident, it is believed that a shell casing ejected when Feineigle fired a round, struck a partition to the right of Feineigle, ricocheted and struck a live round which was still in the ammunition box on a table near Feineigle. The casing from the live round exploded and struck Feineigle.

Consequently, Feineigle sustained an injury to his right arm which required medical treatment, including surgery. As a result of the injury, Feineigle was unable to work from the date of the accident through at least February 2, 1995.

Shortly after suffering his injury, Feineigle filed a claim for benefits under the Act. By letter dated November 17, 1994, Feineigle was advised that his claim for benefits was denied because he was not injured while in the performance of his duties as a Pennsylvania State Police officer.

On November 30, 1994, Feineigle appealed the denial of benefits. Following an administrative hearing on February 2, 1995, the hearing examiner concluded that Feineigle's activity at the time of his injury on September 20, 1994, was not in the performance of his duties; therefore, Feineigle was ineligible for benefits under the Act. The Commissioner affirmed. This appeal followed.[3]

On appeal to this court, Feineigle raises the following issue: Whether a Pennsylvania State Police trooper, injured off-duty while voluntarily practicing with his service weapon and in anticipation of his mandatory weapons qualification, is "injured in the performance of his duties" within the meaning of the Act.

In support of this issue, Feineigle argues that this matter involves an undisputed factual scenario which requires this court to clari-

fy the holding in *McCommons* and the meaning of "injured in the performance of his duties" under the Act. Feineigle argues that this court in *McCommons* distinguished contractually required union duties from performance of policy duty, and utilized the phrase "duties assigned to him in his role as a police officer." *See McCommons*, 645 A.2d at 336. It is this language, Feineigle contends, which lies at the heart of this case.

■ "The purpose of the Act is to provide important public safety personnel with *full* compensation while disabled from an injury which occurs in the performance of duty." *Colyer v. Pennsylvania State Police*, 165 Pa. Cmwlth. 41, 644 A.2d 230, 233 (1994). However, the Statutory Construction Act, 1 Pa. C.S. § 1928(b)(8), requires that the language of the Act be strictly construed. *Id.*

■ Section 1(a) of the Act states that "[a]ny member of the State Police Force ... injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties, shall be paid ... his full rate of salary ... until the disability arising therefrom has ceased." 53 P.S. § 637(a).

In *McCommons*, this court was called upon to interpret the phrase "performance of duties" which the Act does not define. The police officer in *McCommons* was injured in an automobile accident while on administrative leave to attend a union meeting. When the police officer was denied benefits under the Act, the officer argued on appeal to this court that the "performance of his duties" standard found in section 1(a) of the Act was not distinct from the standard work relation applied under the Worker's Compensation Act.[4]

Citing *Colyer*, the *McCommons* court, reiterated that the standard of work relation set forth in the Worker's Compensation Act does

---

3. Our scope of review in an appeal from a final order of a Commonwealth agency is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *McCommons v. Pennsylvania State Police*, 165 Pa.Cmwlth. 280, 645 A.2d 333 *petition for allow-*

*ance of appeal denied*, 539 Pa. 671, 652 A.2d 841 (1994).

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4. Section 301(c) of the Worker's Compensation Act, 77 P.S. § 411(1) provides benefits for an injury to an employee arising in the course of his employment and related thereto.

not apply where benefits are sought under section 1(a) of the Heart and Lung Act. *McCommons*, 645 A.2d at 335. In affirming the denial of benefits under the Act, this court pointed out that the police officer did not assert that his obligations as a member of the union constituted duties assigned to him in his role as a police officer. *Id.* at 336. This court also concluded that the collective bargaining agreement simply established that the police officer had permission to attend union meetings without loss of pay or leave time, but failed to establish that the police officer's attendance constituted performance of a police duty. *Id.*

Feineigle focuses in on the phrase utilized by this court in *McCommons*—"duties assigned to him in his role as a police officer"—as being at the heart of this matter and contends that not every duty of a police officer is, or can be, governed by a specific mandatory regulation. At the time of his injury, Feineigle argues, he was engaged in an activity intended exclusively to improve his performance as a police officer. As such, he was in the performance of an implied duty, if not an express one, and entitled to benefits under the Act. We disagree.

What Feineigle is effectively arguing in this case is that he should be provided benefits under the Act based upon an injury suffered while performing duties related to his work. However, as stated above, the mere fact that Feineigle's duties were related to his work is not sufficient to meet the performance of duty standard required under section 1(a) of the Act. *Colyer; McCommons.*

The important and deciding factor herein is that it is undisputed that Feineigle was *voluntarily* practicing for his upcoming weapons qualification during off-duty hours. He had already completed his work shift for the day and decided on his own to visit, during off-duty hours, a private indoor firing range to practice with his state police issued weapon. As found by the Commissioner herein, there are no regulations requiring that a member of the Pennsylvania State Police practice during off-duty hours for weapons qualification and familiarization. In fact, pursuant to FR 9–2, if a member fails to

qualify on the first attempt, that member is given several opportunities to qualify during on-duty time.

Accordingly, the order of the Commissioner denying Feineigle benefits under the Act is affirmed.

## ORDER

NOW, this 25th day of July, 1996, the adjudication of the Commissioner of the Pennsylvania State Police, dated August 7, 1995, is affirmed.

DOYLE, J., concurs in the result only.