**CITY OF PITTSBURGH, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (WIEFLING), Respondent.**

**City of Pittsburgh, Petitioner,**

**v.**

**Workers' Compensation Appeal Board (Broz), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 8, 2001.

Decided Nov. 13, 2001.

Publication Ordered Feb. 8, 2002.

Brian D. Walters, Pittsburgh, for petitioner.

Joseph S. Hornack, Pittsburgh, for respondents.

Before SMITH, Judge, LEADBETTER, Judge, MIRARCHI, Jr., Senior Judge.

## ORDER

MIRARCHI, Jr., Senior Judge.

Before this Court are the consolidated appeals of the City of Pittsburgh (Employer) from two orders of the Workers' Compensation Appeal Board (Board) which affirmed the decisions of Workers' Compensation Judges (WCJ) denying its petitions to terminate the benefits of Lawrence Wiefling and Warren Broz (collectively, Claimants). The issue is whether Employer is precluded from petitioning for termination or modification of Claimants' workers' compensation benefits where supplemental agreements entered into by Employer and Claimants provided that Claimants were permanently disabled.

## I.

Lawrence Wiefling sustained an injury to his right ankle on January 27, 1970, while in the course of his employment as a police officer for Employer. Wiefling initially received benefits pursuant to what is commonly referred to as the Heart and Lung Act.[1] A supplemental agreement, received by the Bureau of Workers' Compensation (Bureau) on August 4, 1972, provided that Wiefling was "permanently and totally disabled." Reproduced Record (R.R.), p. 31a. According to the supplemental agreement, Wiefling was to receive workers' compensation benefits in the amount of $60 per week beginning August 1, 1972. On June 5, 1997, Employer filed a termination petition alleging that Wiefling's disability had ceased and terminated and that Wiefling has fully recovered without residuals. Wiefling filed an answer denying that his disability had ceased and asserting the Employer was barred from bringing the action because the supplemental agreement stated that Wiefling was "permanently and totally disabled."

At a hearing before a WCJ, Employer presented the deposition testimony of Michael Weiss, M.D., a board-certified orthopedic surgeon. Based on the physical examination that Dr. Weiss performed, the history that he took from Claimant and his review of Claimant's diagnostic testing, Dr. Weiss opined that Claimant had fully recovered from his right ankle fracture and that he would not place any work restriction on Claimant in relationship to his right ankle work injury. Claimant testified in his own behalf and offered the deposition testimony of Samuel Granowitz, M.D., a board-certified orthopedic surgeon.

On November 20, 1998, the WCJ issued a decision in which he accepted as credible the testimony of Dr. Weiss, Employer's medical expert, and rejected the testimony of Claimant's medical expert to the extent that it contradicted Dr. Weiss' testimony. However, the WCJ did not find the testimony of Dr. Weiss concerning the status of Wiefling's right ankle to be controlling due to the August 4, 1972 supplemental agreement. The WCJ concluded that there was no basis to overcome that agreement. Accordingly, the WCJ denied Employer's termination petition. Employer appealed to the Board which affirmed the decision of the WCJ.

## II.

On April 2, 1990, Warren Broz sustained an injury to his low back while in the course of his employment as a police officer for Employer. Broz initially received benefits pursuant to the Heart and Lung Act. A supplemental agreement, dated December 14, 1992, provided that Broz was no longer entitled to receive Heart and Lung benefits and was to begin receiving workers' compensation benefits. The supplemental agreement further provided that "[n]ow that you are permanently disabled, you will be removed from the Active Payroll ... to the Permanent Payroll.... It should be noted that the change in compensation benefits are [sic] at the request of the employer." Reproduced Record (R.R.), p. 114a.

On December 16, 1997, Employer filed a termination petition alleging that Broz was fully recovered from his work-related injury as of October 22, 1997. Broz filed a timely answer denying that he had fully recovered. After hearings, the WCJ issued a decision denying Employer's allegations. The WCJ found that Employer was bound by the stipulation and admission in the supplemental agreement that Broz's disability was and is permanent. The

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638.

WCJ further found that Employer did not show that there was a mistake in the supplemental agreement or that it was materially incorrect. The WCJ, however, modified Broz's disability status from total to partial as of January 31, 1996 due to his earnings as a member of the City of Pittsburgh Pension Board. Employer appealed to the Board which affirmed the decision of the WCJ.

## III.

On appeal to this Court, Employer argues that a determination that an employee is permanently disabled for purposes of Heart and Lung benefits does not preclude an employer from petitioning for a modification, suspension or termination of that employee's workers' compensation benefits. In support of that argument, Employer relies on *Galloway v. Workmen's Compensation Appeal Board (Pennsylvania State Police)*, 690 A.2d 1288 (Pa. Cmwlth.1997). In *Galloway*, the claimant, a state trooper, became disabled by depression caused by work-related stress. She began to receive Heart and Lung benefits and was later awarded workers' compensation benefits. Shortly after the claimant was granted workers' compensation benefits, the employer initiated an action to terminate her Heart and Lung benefits on the grounds that her disability was permanent. On February 3, 1984, following an administrative hearing, the claimant's Heart and Lung benefits were terminated.

On August 30, 1993, the employer filed a petition with the Board seeking to compel the claimant to submit to an examination with a psychiatrist. The claimant asserted that the employer was collaterally estopped from challenging her right to benefits. The WCJ granted the employer's petition and ordered the claimant to submit to the examination. On appeal to this Court, the claimant argued that the employer was barred from asserting that she is not permanently disabled from all work and barred from requesting a medical examination. This Court concluded that, because the issues in a Heart and Lung termination action and a workers' compensation suspension or modification action are not identical, collateral estoppel did not apply. Accordingly, the employer was not precluded from petitioning to suspend or modify the claimant's benefits. The Court further concluded that the WCJ did not abuse her discretion in ordering the claimant to submit to the medical examination. The Court went on to state, in a footnote:

> We note that, for Heart and Lung purposes, a permanent injury is one that is of lasting or indefinite duration; it need not be eternal or everlasting. *Cunningham [v. Pennsylvania State Police*, 510 Pa. 74, 507 A.2d 40 (1986) ]. While Employer conceded here that, under *Kohut [v. Workmen's Compensation Appeal Board (Township of Forward)* 153 Pa. Cmwlth. 382, 621 A.2d 1101 (1993) ], it could not petition to terminate Claimant's benefits, we nonetheless believe that Claimant's 'permanent' injury cannot be deemed to be perpetual and, for that reason, Employer is not forever precluded from petitioning for a termination of Claimant's workers' compensation benefits.

*Id.* at 1292 n. 3.

Claimants contend that Employer is bound by the language of the supplemental agreement which defined their disability as "permanent." Claimants argue that Employer, having admitted that they were permanently disabled, cannot avoid the plain meaning of those words. Claimants further argue that the supplemental agreement represents a binding agreement between the parties with respect to their workers' compensation benefits.

■■■ The purpose of the Heart and Lung Act is to provide important public safety personnel with full compensation while disabled from an injury which occurs in the performance of duty. *Feineigle v. Pennsylvania State Police,* 680 A.2d 1220 (Pa.Cmwlth.1996). The Heart and Lung Act was intended to cover only those disabilities where the injured employee is expected to recover and return to his or her position in the foreseeable future. *Cunningham.* Where a disability is of indeterminate duration and recovery is not projected in the foreseeable future, it cannot be deemed "temporary" within the meaning of the Heart and Lung Act. *Id.*

■■■■ An injured police officer receiving Heart and Lung Act benefits has a constitutionally protected property right in those benefits. *Gwinn v. Pennsylvania State Police,* 668 A.2d 611 (Pa.Cmwlth. 1995). Once it is determined that the police officer qualifies for benefits under the Heart and Lung Act, his or her disability status cannot be changed from temporary to permanent unless a due process hearing is afforded. *Cunningham.* However, no hearing is necessary where the police officer voluntarily agrees to a termination of Heart and Lung Act benefits. *Adams v. Lawrence Township Board of Supervisors,* 153 Pa.Cmwlth. 418, 621 A.2d 1119 (1993), *petition for allowance of appeal denied,* 536 Pa. 631, 637 A.2d 291 (1993).

■■ In order to terminate Claimants' Heart and Lung benefits, a determination, or an agreement, must be made that his disability is permanent. Employer contends that the supplemental agreement was the document used to recognize that Claimants' disability was permanent, thus rendering them ineligible for further Heart and Lung benefits. In his brief, Claimant Wiefling appears to agree with this point. In referring to the supplemental agreement, Wiefling stated: "[T]he form did serve Petitioner's purpose of terminating Respondent's Heart and Lung benefits and 'turning on' his right to receive workers' compensation benefits." Wiefling's Brief, p. 4.

■■ We conclude that the phrase in the supplemental agreements, terming Claimants' disability "permanent," refers only to their disability for purposes of the Heart and Lung Act. We base our conclusion on the fact that a determination that Claimants are "totally and permanently" disabled is necessary for termination of Wiefling's Heart and Lung benefits, but not required for purposes of workers' compensation benefits. We also find relevant the language of the supplemental agreement, stating only that Claimants are "permanently disabled;" it does not state that Claimants are "permanently disabled for purposes of workers' compensation." The supplemental agreement also specifically recognizes that Claimants' eligibility for workers' compensation benefits may later be changed.

In *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 534 Pa. 327, 632 A.2d 1302, (1993), the claimant was awarded partial disability benefits for an occupationally acquired pulmonary lung disease, coal worker's pneumoconiosis. Four years later, the employer filed a modification petition, which was treated as a petition to terminate benefits. The petition alleged that the claimant's disability had changed and that he was no longer disabled as a result of an occupational pulmonary disease. The employer's medical experts testified that the claimant no longer had pneumoconiosis, but a mild functional respiratory impairment due to chronic bronchial asthma, a non-occupational condition, and that claimant was fit to return to work in his original job as a shuttle car operator in the mines. The referee found that the claimant's disability

had ceased to exist and ordered that his benefits be terminated. The claimant appealed, and this Court affirmed the Board's decision affirming the WCJ. However, our Supreme Court reversed, holding that:

> [The Act] expressly provides that an award may be terminated based on *changes* in the claimant's disability. But that raises the logical question of whether an employee's disability is *changeable* in a given case. If it is, an employee's condition may be re-examined at a later time to see if he is still disabled or not. If it is not, an attempt to re-examine the employee's condition is merely a disguised attempt to relitigate what has already been settled.

*Hebden*, 534 Pa. at 331, 632 A.2d at 1304 (emphasis in original).

█ Thus, res judicata or issue preclusion bars relitigation of the issue of a claimant's disability when the claimant's condition is irreversible, such as a progressive occupational disease. *Id.* In *Mason v. Workmen's Compensation Appeal Board (Hilti Fastening Systems Corp.)*, 657 A.2d 1020 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 679, 668 A.2d 1140 (1995), the claimant argued that his occupational disease was irreversible by virtue of the WCJ's finding of permanent and total disability. This Court rejected this argument, concluding that a finding of a permanent disability is not the equivalent of a finding that the injury is irreversible.

█ In the case before us, the supplemental agreements entered into by Employer and Claimants provided that Claimants were permanently disabled. The supplemental agreements did not provide that Claimants' conditions were irreversible. We therefore conclude that Employer is not barred by the principles of res judicata from litigating the issue of Claimants' disability.

Because the phrase "permanently disabled" refers only to Claimants' status under the Heart and Lung Act and not to their status for workers' compensation purposes, Employer is not precluded from seeking to terminate Claimants' workers' compensation benefits on a theory that they are no longer disabled. In his decision of November 20, 1998, the WCJ evaluated the medical evidence presented and accepted the opinion of Employer's witness that Claimant Wiefling had completely recovered from his ankle fracture. The WCJ's specific finding is as follows:

> This Judge accepts the testimony of Michael Weiss, MD, as credible and finds it to be factual. This judge rejects the testimony of the claimant and Dr. Granowitz to the extent that they contradict Dr. Weiss' opinions. In this regard, this judge notes the following:
>
> (a) The claimant sustained an ankle fracture on January 22, 1970.
>
> (b) Dr. Weiss' exam revealed symmetrical ankles, symmetrical range of motion and symmetrical strength. Dr. Weiss' exam further revealed that the only difference was the appearance of the right ankle which was slightly deformed because of the fracture.
>
> Dr. Weiss reviewed x-ray reports as well as had x-rays performed in his office. Dr. Weiss' exam of the claimant's ankle was normal, and showed a healed right ankle fracture.
>
> . . . .
>
> (e) Dr. Weiss opined that the claimant had completely recovered from his ankle fracture. Further, Dr. Weiss placed no limitations upon the claimant upon his ankle fracture.

Finding of Fact No. 12. Because the WCJ concluded that Employer was bound by the August 4, 1972 supplemental agree-

ment, the WCJ did not grant the termination petition. We will vacate the order of the Board and remand the case for the entry of an order terminating Wiefling's benefits.

In the case of Claimant Broz, the WCJ received medical testimony from both Employer and Claimant Broz, but did not make findings as to the credibility of the conflicting opinions and the weight to be given to those opinions. Accordingly, we will vacate the order of the Board and remand the case for a determination of whether Employer' petition for termination should be granted

*ORDER*

AND NOW, this 13th day of November, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby vacated and this matter is remanded for entry of an order terminating Lawrence Wiefling's benefits.

Jurisdiction relinquished.

*ORDER*

AND NOW, this 13th day of November, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby vacated. This matter is remanded for a determination of entitlement of the City of Pittsburgh to a termination of Warren Broz' benefits.

Jurisdiction relinquished.