**CITY OF PHILADELPHIA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FORD–TILGHMAN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 6, 2009.

Decided March 17, 2010.

Beth A. Bowers, Eagleville, for petitioner.

Tristram P. Heinz, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The City of Philadelphia (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying its Termination Petition and instructing that a twenty percent fee was to be paid to counsel for Andrea Ford–Tilghman (Claimant). We affirm.

Claimant sustained an injury in the course and scope of her employment on January 4, 2006. Employer issued a Notice of Compensation Payable (NCP) acknowledging a contusion and/or strain of the lumbar and buttocks region. The NCP contained a notation that no benefits were to be paid at the time the document was issued because Claimant continued to receive her full salary consistent with the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638. Employer filed a Termination Petition on February 2, 2007 alleging Claimant was fully recovered from her work-related injury as of September 18, 2006. In a decision dated August 28, 2008, the WCJ denied Employer's Petition. The WCJ ordered that "20% of Claimant's benefits be deducted and paid directly to claimant's counsel as a fee." Reproduced Record (R.R.) at 15a.

The Board affirmed. The Board found that a fee agreement in the context of a workers' compensation case must be approved if it is for twenty percent or less. The Board added that Claimant may receive benefits under the Heart and Lung Act and the Pennsylvania Workers' Compensation Act (WCA), Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708, simultaneously, albeit with the caveat that any workers' compensation payments are to be turned over to Employer. It noted that the portion of workers' compensation benefits paid directly to an attorney as a fee is not subject to recovery by Employer. The Board held Claimant's counsel was entitled to the twenty percent counsel fee obtained for successfully defending against the Termination Petition filed by Employer.

Employer filed a Petition for Review with this Court. Therein, it asserted:

Defendant–Petitioner now seeks to review the Opinion and Order of the WCAB for the following reasons:

a. The WCAB erred as a matter of law in affirming the WCJ's acceptance of the Fee Agreement because that (sic) there was no authentication of this agreement by Claimant in the underlying litigation.

b. The WCAB erred as a matter of law in affirming the WCJ's acceptance of the Fee Agreement because it was submitted after the close of the evidentiary record, and the WCJ never ruled on Defendant's objection to exclude the Fee Agreement.

c. The WCAB erred as a matter of law in affirming the WCJ's approval of Claimant's counsel's fee because Claimant did not receive worker's compensation benefits while she was paid Heart and Lung Act benefits.

d. Alternatively, the WCAB erred as a matter of law in affirming the WCJ's approval of Claimant's counsel's fee because the WCJ did not specify whether said fee should be deducted directly from Claimant's Heart and Lung Act benefits, or whether this fee is to be paid above and beyond Claimant's Heart

and Lung Act benefits.[1]

Reproduced Record (R.R.) at 51a.

Upon submitting its brief to this Court, Employer has apparently abandoned its arguments concerning its allegations that the fee agreement between Claimant and her counsel was submitted after the WCJ closed the record, that the document was not authenticated, and that the WCJ failed to address its objections to the same. Employer instead focuses its energy in support of its contentions that the WCJ erred in directing it to pay Claimant's counsel a twenty percent fee for successfully defending against the Termination Petition when Claimant was not actually receiving those benefits and that, at minimum, the WCJ should be required to clarify whether the twenty percent counsel fees are deductible from Claimant's Heart and Lung benefits or are to be paid over and above those benefits. Indeed, Claimant, in her brief, asserts that issues designated "a" and "b" in Employer's Petition for Review are waived.

Issues must be raised in a party's petition for review as well as the Statement of Questions Involved and argument sections of one's brief. Otherwise, they may be deemed waived. *Bingnear v. Workers' Compensation Appeal Board (City of Chester)*, 960 A.2d 890 (Pa. Cmwlth.2008). *See also Muretic v. Workers' Compensation Appeal Board (Department of Labor & Indus.)*, 934 A.2d 752 (Pa.Cmwlth.2007). As stated, Employer has chosen to focus its energy in support of its arguments designated "c" and "d" contained in its Petition for Review. Employer's brief is silent concerning the fact that Claimant's fee agreement was purportedly submitted after the close of the record and that the document was not

authenticated. Consistent with *Bingnear* and *Muretic*, these arguments are waived.

In regard to argument "c," Employer posits that Claimant is already receiving her full salary pursuant to the Heart and Lung Act and that a directive that it pay a percentage of workers' compensation benefits to Claimant's counsel is tantamount to a penalty or an award of unreasonable contest attorney's fees. Employer asserts it has not violated the WCA or committed an unreasonable contest.

The Heart and Lung Act provides, in pertinent part:

(a) ... Any policeman, fireman or park guard of any county, city, borough, town or township, or any sheriff or deputy sheriff who is injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by ... the county, township or municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased.... During the time salary for temporary incapacity shall be paid ... by the county, city, borough, town or township, *any workmen's compensation, received or collected by any such employe for such period, shall be turned over ... to such county, city, borough, town or township, and paid into the treasury thereof,* and if such payment shall not be so made by the employe the amount so due ... the county, city, borough, town or township shall be deducted from any salary then or thereafter becoming due and owing. (Emphasis added).

53 P.S. § 637.

The unambiguous language of the Heart and Lung Act clearly contem-

---

1. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Young v. Workers' Compensation Appeal Board (LGB Mech.)*, 976 A.2d 627 (Pa.Cmwlth.2009).

plates the ability of an injured employee to seek workers' compensation and benefits under the Heart and Lung Act simultaneously. *City of Erie v. Workers' Compensation Appeal Board (Annunziata)*, 575 Pa. 594, 838 A.2d 598 (2003). Although the Heart and Lung Act and the WCA are similar in purpose, the two acts operate separately from one another. *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 153 Pa.Cmwlth.403, 621 A.2d 1111 (1993). The Heart and Lung Act was intended to cover only those disabilities where the injured employee is expected to recover and return to his or her position in the foreseeable future. *City of Pittsburgh v. Workers' Compensation Appeal Board (Wiefling)*, 790 A.2d 1062, 1066 (Pa. Cmwlth.2001). Neither the Heart and Lung Act, nor the WCA prevents employers from initiating proceedings under the WCA before, after, or simultaneous with proceedings under the Heart and Lung Act. *See e.g., Polk Ctr/Dep't of Public Welfare v. Workmen's Compensation Appeal Board (Pochran)*, 682 A.2d 889 (Pa. Cmwlth.1996) (addressing Act 534, Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. §§ 951–952, but noting the Heart and Lung Act and Act 534 are very similar in purpose and construction and the analysis of one may be applied to the other).

■ The language of the Heart and Lung Act does not estop an injured employee from seeking workers' compensation, only from retaining monies collected pursuant to an NCP or an award while Heart and Lung Act benefits are being paid. *Annunziata*, 575 Pa. at 605, 838 A.2d at 604. The Court recognized that in circumstances where the employer is self-insured, it would be futile to require an employer pay workers' compensation benefits to the claimant and then require the claimant to turn around and remit them back to the employer. *Id.,* 575 Pa. at 605, 838 A.2d at 605, fn. 7. To avoid this event, the Court recognized it would be proper for the employer to issue an NCP and refuse to pay benefits. *Id.*

■ The WCJ must approve a contingent fee agreement and a twenty percent contingent fee is reasonable *per se. Young v. Workers' Compensation Appeal Board (LGB Mech.)*, 976 A.2d 627 (Pa. Cmwlth.2009); *Bandos v. Workmen's Compensation Appeal Board (Pennbrook Corp./Abbott Dairies)*, 149 Pa.Cmwlth.199, 611 A.2d 374 (1992). In *Organ v. Pennsylvania State Police*, 112 Pa.Cmwlth. 352, 535 A.2d 713 (1988), this Court held, as pointed out by the Board, that the portion of workers' compensation benefits paid directly to an attorney as a fee is not subject to recovery by the employer.[2] We explained that the portion of the claimant's workers' compensation benefits paid directly to the claimant's attorney were not "received" or "constructively received" by the claimant. *Id.* at 715. This Court further stated:

> Although a Heart and Lung Act beneficiary is not required to recover workmen's compensation, if the employee recovers workmen's compensation benefits, he must relinquish them to the employer. Therefore, proceeds which a Heart and Lung Act beneficiary re-

**2.** Section 442 of the WCA, 77 P.S. § 998, provides in pertinent part:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed

as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.

77 P.S. § 998.

ceives from workmen's compensation may inure to the benefit of the employer, *at least if insurance is involved,* as is the case with respect to many municipal employers of Heart and Lung Act beneficiaries. *To make Mr. Organ also responsible for the 20% of the workmen's compensation award paid directly to the attorney would penalize pursuance of a process which tends to benefit employers.* (Emphasis added). *Organ,* 535 A.2d at 715.

■ Per *Annunziata,* Claimant is entitled to pursue both workers' compensation benefits and benefits under the Heart and Lung Act. Employer is self-insured in this case. When it issued an NCP accepting liability under the WCA, the document contained an addendum specifying that Claimant was receiving salary continuation under the Heart and Lung Act. This comports with the language set forth by the Supreme Court in footnote 7 of *Annunziata* that to avoid the absurdity of requiring a self-insured to pay workers' compensation benefits only to have the claimant turn around and remit them back, it may issue an NCP and refuse to pay benefits.

■ Prior to filing its Termination Petition, there appears to be no dispute that Claimant was receiving his Heart and Lung benefits while receiving no benefits under the WCA. Employer, of its own volition, commenced the instant litigation by filing its Termination Petition. Claimant took the only prudent step that could be done by obtaining representation to protect her interests in the context of workers' compensation benefits. It has long been held that a fee agreement for twenty percent of a claimant's workers' compensation benefits is reasonable *per se. LGB Mech.; Bandos.* The fee agreement between Claimant and her counsel is for twenty percent. Once the Termination Petition was denied by the WCJ and the

fee agreement approved, twenty percent of Claimant's indemnity benefits was no longer payable to Claimant. Rather, twenty percent of Claimant's workers' compensation benefits were payable to counsel. Per *Organ,* this percentage was not received or constructively received by Claimant. It is not subject to recovery.

Employer nonetheless seizes upon this Court's language in *Organ* contained in the excerpt cited above and claims that as it is "self-insured," it is not "not one of those 'municipalities' contemplated" by this Court. It does not have the advantage of relying on an eighty percent reimbursement to apply to premiums or negotiate a reduced rate with its insurer. While this Court sympathizes with Employer's position, we cannot ignore the remaining text of the cited excerpt in *Organ* that the overall process of requiring a claimant who is receiving Heart and Lung benefits to turn over his workers' compensation benefits tends to work in favor of employers. We further reiterate, as we stated in *Organ,* that a plain reading of the Heart and Lung Act states that only indemnity benefits "received or collected" by an injured worker must be turned over to the employer. Claimant does not receive or collect the portion of workers' compensation benefits paid directly to his attorney. Finally, if we were to accept Employer's position, we would create disparate treatment between claimants who are injured working for employers who are insured and those who are injured working for employers that are self-insured. This result is untenable.

■ Employer further contends the WCJ failed to specify whether the twenty percent fee should be deducted directly from Claimant's Heart and Lung benefits or paid above and beyond those benefits. This Court, in *Wisniewski,* stated "we are forced to conclude that jurisdiction of the

instant Heart and Lung Act question is not with the Board." *Wisniewski,* 621 A.2d at 1115. Workers' Compensation authorities do not have jurisdiction in Heart and Lung Act matters. *Id.* at 1113. The WCJ could not render an award in a workers' compensation matter that would impact Claimant's receipt of Heart and Lung benefits. The only possible interpretation of the WCJ's decision is that Employer is to pay counsel fees over and above its liability for Heart and Lung benefits. This is consistent with the holdings of *Annunziata* and *Organ.*[3]

Employer argues in its brief that Claimant's counsel is paid an hourly wage by the Fraternal Order of Police, Lodge No. 5 (FOP) for the work he performs on behalf of Claimant in both the Heart and Lung Act and WCA forums. Thus, it contends that if Claimant's counsel were to receive a percentage fee based on the fee agreement, he would be paid twice for the same work. In support of its argument, Employer attached to its brief a Memorandum of Understanding Providing for Proceedings Before The City of Philadelphia Heart and Lung Act Arbitration Panel (Memorandum) that relates to an agreement between the City of Philadelphia and the FOP. Employer's Brief, Appendix C. This document indicates that it is applicable to all proceedings before arbitrators to hear claims under the Heart and Lung Act. It states each party shall be responsible for its own attorney's fees regarding the arbitration. Employer further points out that the medical testimony submitted in the instant matter was that submitted in earlier Heart and Lung Act proceedings. Further, even Claimant's testimony was not taken live before the WCJ. Rather, a copy of Claimant's testimony taken before the arbitrator was submitted in the instant proceedings.

 We reiterate that issues must be preserved in both the Petition for Review filed with this Court and the brief submitted by the appellant in order for an allegation of error to be properly before this Court. *Bingnear; Muretic.* Employer did not expressly raise this issue as an allegation of error to be reviewed by this Court in its Petition for Review. Claimant, however, has not challenged this Court's ability to review this issue. We are cognizant that objections referenced in a petition for review are deemed to include every subsidiary question fairly comprised therein. *Jones v. Workers' Compensation Appeal Board (City of Chester),* 961 A.2d 904, 909, n. 8 (Pa.Cmwlth.2008). Arguably, this issue could be considered a subsidiary question of argument "d" in Employer's Petition for Review challenging the WCJ's failure to indicate whether the twenty percent fee payable to Claimant's counsel was to be paid over and above Claimant's Heart and Lung benefits or deducted from those same benefits.

The transcripts of the hearings conducted before the WCJ is devoid of any information concerning Claimant's counsel fee being paid by the FOP. The Memorandum attached to Claimant's brief is not a part of the original record. It is well settled that an appellate court cannot properly consider averments of facts appearing only in a party's brief that are not part of the record. *Empire Steel Castings v. Workers' Compensation Appeal Board (Cruceta),* 749 A.2d 1021 (Pa.Cmwlth. 2000). *See also Anam v. Workmen's Com-*

---

3. In light of our reading of the Heart and Lung Act and the *Annunziata* and *Organ* decisions, we reject Employer's contention that a directive that it pay twenty percent of Claimant's workers' compensation benefits to Claimant's counsel while also paying benefits under the Heart and Lung Act is tantamount to a penalty or unreasonable contest attorney's fee award.

*pensation Appeal Bd. (Hahnemann),* 113 Pa.Cmwlth.483, 537 A.2d 932 (1988). Claimant points out that there is no evidence in the certified record establishing that the FOP pays for both her representation in Heart and Lung Act matters before the arbitrator and in workers' compensation matters before the WCJ.

Even if we were to consider the Memorandum, we would have no option but to find that the contents therein were limited to matters under the Heart and Lung Act and that it contains no guidance concerning payment of fees in workers' compensation matters. Moreover, the fact that Claimant's counsel submitted evidence into the record before the WCJ that was also used before the arbitration panel is irrelevant. The proceedings are separate from one another. *Wisniewski.* While the fact that Claimant's counsel was able to use previous materials in defending against the Termination Petition may have served as a basis for a reduced fee, a twenty percent fee agreement is reasonable *per se. LGB Mech.; Bandos.*[4]

Based upon our review of the record, we see no error in the Board's determinations. Consequently, its order must be affirmed.

### ORDER

AND NOW, this 17th day of March, 2010, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

[4] We would be remiss if we did not caution that a situation where counsel is supposedly receiving payment twice for the same service may give rise to a violation of Pennsylvania Rule of Professional Conduct No. 1.5. Pa. R.P.C. 1.5.