# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roxanna Nelson, :
:
           Petitioner :
:
          v. :   No. 692 C.D. 2015
:   Submitted: November 17, 2015
Workers' Compensation Appeal :
Board (Commonwealth of :
Pennsylvania), :
:
          Respondent :

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**             **FILED: December 10, 2015**

      This case is a petition for review filed by Roxanna Nelson (Claimant) appealing an order of the Workers' Compensation Appeal Board (Board) that held that her employer, the Department of Public Welfare (Employer), was entitled to modification of total temporary disability benefits to partial disability based on an impairment rating evaluation (IRE) pursuant to Section 306(a.2) of the Workers' Compensation Act.[1]  For the reasons set forth below, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.  Section 306(a.2) was added by the Act of June 24, 1996, P.L. 350, No. 57, § 4, *as amended*, 77 P.S. § 511.2.

Claimant, a psychiatric aide at Employer's Torrance State Hospital, suffered right thumb and left ankle sprains and strains while assisting a patient on October 4, 2008. (Workers' Compensation Judge (WCJ) Decision Finding of Fact (F.F.) ¶1; Employer Ex. 1, Notice of Compensation Payable (NCP), Ex. A to Respondent's Brief (Supp. R.R.) at 1; Employer Ex. 4, IRE Determination, Reproduced Record (R.R.) at 21a.) Employer has paid Claimant her full salary since 2008, while she has been disabled by these injuries, pursuant to the Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §§ 951–952 (Act 534). (WCJ Decision F.F. ¶7; 9/6/13 Hearing Transcript (H.T.) at 5, 7-8, R.R. at 35a, 37a-38a; 11/1/13 H.T. at 7, R.R. at 55a.) On February 9, 2009, Employer issued an NCP accepting total disability liability for Claimant's October 4, 2008 injuries, and stating that Claimant "RECEIVES ACT 534 BENEFITS IN LIEU OF WORKERS['] COMPENSATION BENEFITS." (WCJ Decision F.F. ¶2; Employer Ex. 1, NCP, Supp. R.R. at 1-2.) Employer is self-insured for workers' compensation and has made internal workers' compensation payments to itself at the total disability rate for over 200 weeks, reimbursing itself for the Act 534 payments it made to Claimant. (WCJ Decision F.F. ¶9; Employer Ex. 2, R.R. at 2a-7a.)

In 2013, Employer filed a request with the Bureau of Workers' Compensation (Bureau) for designation of a physician to perform an IRE. (WCJ Decision F.F. ¶10.) The physician designated by the Bureau conducted an IRE examination of Claimant on June 28, 2013, and found that Claimant had a 15% impairment from her October 4, 2008 injuries. (*Id.* ¶¶10-11; Employer Ex. 4, IRE Determination, R.R. at 18a-26a.) On August 6, 2013, Employer filed a Modification Petition seeking to change Claimant's workers' compensation status

from total disability to partial disability effective June 28, 2013 based on the IRE finding of 15% impairment. (WCJ Decision F.F. ¶3; Board Op. at 1.) In the hearings on this petition, the parties stipulated that Claimant had reached maximum medical improvement as of the IRE examination and that Claimant had received over 104 weeks of benefits under Act 534 for her October 4, 2008 injury. (9/6/13 H.T. at 6, R.R. at 36a; 11/1/13 H.T. at 7, R.R. at 55a.) Employer introduced its NCP and documents concerning its internal workers' compensation payments in evidence, but neither party submitted testimony of any witness. Claimant did not contest the validity of the IRE, and the sole issue disputed by the parties was whether Claimant was subject to modification of her workers' compensation benefits by an IRE under Section 306(a.2) of the Workers' Compensation Act.

On January 12, 2014, the WCJ denied Employer's Modification Petition on the ground that Employer had not satisfied the requirement of Section 306(a.2) that the Claimant received workers' compensation benefits for 104 or more weeks. (WCJ Decision Conclusion of Law ¶3.) Employer timely appealed and the Board reversed on March 31, 2015, holding that Claimant's receipt of Act 534 benefits from Employer for an injury for which Employer issued an NCP constituted receipt of workers' compensation benefits. (Board Op. at 1-2, 4-5.) This appeal followed.[2]

---

[2] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Ketterer)*, 87 A.3d 942, 945 n.2 (Pa. Cmwlth. 2014). The issue here, the interpretation of Section 306(a.2) of the Workers' Compensation Act, is a question of law subject to this Court's plenary, *de novo* review. *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 888 A.2d 758, 761 n.4 (Pa. 2005); *Verizon Pennsylvania Inc.*, 87 A.3d at 945 n.2.
**(Footnote continued on next page…)**

Section 306(a.2) of the Workers' Compensation Act provides for IREs to evaluate the degree of permanent impairment caused by a work injury and for change of a claimant's disability status from total disability to partial disability based on the degree of impairment determined by the IRE. Section 306(a.2)(1) states:

> When an employe has received total disability compensation pursuant to [the Workers' Compensation Act] for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2(1) (emphasis added). If a valid IRE results in an impairment rating of less than 50%, the claimant is entitled only to partial workers' compensation disability benefits. 77 P.S. § 511.2(2).[3] The requirements set forth in Section

_____

**(continued…)**

[3] An IRE requested within 60 days after the claimant has received 104 weeks of total disability that results in an impairment rating of less than 50% operates to automatically reduce the claimant's status to partial disability. *Gardner*, 888 A.2d at 765-68; *Verizon Pennsylvania Inc.*, 87 A.3d at 946. If an IRE is not requested within that 60-day period, an IRE may be requested under Section 306(a.2)(6), but reduction of claimant's status to partial disability based on the results of such an IRE is not automatic and must be sought through a modification petition. 77 P.S. § 511.2(6); *Diehl v. Workers' Compensation Appeal Board (I.A. Construction)*, 5 A.3d 230, **(Footnote continued on next page…)**

4

306(a.2)(1) are mandatory. *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 888 A.2d 758, 765-66 (Pa. 2005); *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Ketterer)*, 87 A.3d 942, 946 (Pa. Cmwlth. 2014).

Claimant argues that the Act 534 benefits that she received from Employer are not workers' compensation benefits, and that Section 306(a.2) therefore cannot apply because she has not received workers' compensation benefits for 104 or more weeks. We do not agree.

Act 534 provides:

> Any employe of … a State mental hospital … who is injured during the course of his employment by an act of any inmate or any person confined in such institution … shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department, board or institution at a salary equal to that earned by him at the time of his injury.

Section 1 of Act 534, 61 P.S. § 951. Act 534 further provides that when a disabled employee is paid her salary under its provisions, "any workmen's compensation received or collected for such period shall be turned over to the Commonwealth and paid into the General Fund, and if such payment shall not be so made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing." *Id.*

---

**(continued…)**

245-46 (Pa. 2010); *Gardner*, 888 A.2d at 766-68; *Verizon Pennsylvania Inc.*, 87 A.3d at 946. Section 306(a.2)(1)'s requirements for IREs apply to IREs requested and performed under Section 306(a.2)(6). *Diehl*, 5 A.3d at 245-46; *Logue v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 119 A.3d 1116, 1119 (Pa. Cmwlth. 2015); *Verizon Pennsylvania Inc.*, 87 A.3d at 946.

Act 534 is similar in purpose and construction to the Heart and Lung Act,[4] which provides full salary benefits to police, firefighters and other public safety employees injured on the job and, like Act 534, requires them to turn over to the employer any workers' compensation benefits received. Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a); *Polk Center/Department of Public Welfare v. Workmen's Compensation Appeal Board (Pochran)*, 682 A.2d 889, 894 (Pa. Cmwlth. 1996). Case law concerning Heart and Lung Act benefits is therefore applicable to the interpretation of Act 534. *Polk Center/Department of Public Welfare*, 682 A.2d at 894.

Because an employee receiving Heart and Lung Act benefits is required to turn over workers' compensation that she receives to the employer, an employer paying Heart and Lung Act benefits for a work injury who is self-insured for workers' compensation may fulfill its obligation to pay workers' compensation benefits by issuing an NCP for the injury without making additional benefit payments to the employee. *City of Erie v. Workers' Compensation Appeal Board (Annunziata)*, 838 A.2d 598, 604-06 & n.7 (Pa. 2003); *City of Philadelphia v. Workers' Compensation Appeal Board (Ford-Tilghman)*, 996 A.2d 569, 574 (Pa. Cmwlth. 2010). Where a self-insured employer is paying Heart and Lung Act benefits and has issued an NCP for the same injury, two-thirds of the Heart and Lung Act payments received by the employee constitute workers' compensation as a matter of law and the employer may assert rights under the Workers' Compensation Act on the ground that the Heart and Lung Act payments are payments of workers' compensation disability benefits. *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Excalibur Insurance*

---

[4] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–638.

6

*Management Service)*, 32 A.3d 291, 294-95 (Pa. Cmwlth. 2011) (self-insured employer was entitled to supersedeas fund reimbursement despite fact that its payments were Heart and Lung Act benefits because "unless there is evidence to the contrary, as a matter of law, when an employer is self-insured for worker[s'] compensation purposes, and it is required to pay Heart and Lung payments in addition to workers' compensation benefits, two-thirds of the amount paid automatically represents workers' compensation benefits"); *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 621 A.2d 1111, 1113 (Pa. Cmwlth. 1993) (employer that issued NCP for injury for which it paid only Heart and Lung Act full-salary benefits may seek to terminate workers' compensation benefits because "when it began making payments pursuant to the notice of compensation payable two-thirds of the monies Claimant received represented workmen's compensation benefits").

This case is indistinguishable from *Excalibur Insurance Management Service* and *Wisniewski*. As in those cases, Employer is self-insured and issued an NCP accepting total disability liability for the injury for which it paid Claimant Act 534 benefits. Two-thirds of the Act 534 payments that Claimant received therefore constitute total disability benefits under the Workers' Compensation Act as a matter of law. *Excalibur Insurance Management Service*, 32 A.3d at 295; *Wisniewski*, 621 A.2d at 1113. Because it was stipulated that Claimant received Act 534 benefits for more than 104 weeks, Claimant "received total disability compensation pursuant to [the Workers' Compensation Act] for a period of one hundred four weeks," 77 P.S. § 511.2(1), and Employer was entitled to seek modification of Claimant's workers' compensation benefits under Section 306(a.2).

7

*Ford-Tilghman* and *Brown v. Unemployment Compensation Board of Review*, 87 A.3d 1002 (Pa. Cmwlth. 2014), relied on by Claimant, are not to the contrary. In *Ford-Tilghman*, the issue was whether the portion of the claimant's workers' compensation paid to the claimant's attorney and not to the claimant was received by the claimant and subject to recovery by the employer, not whether Heart and Lung Act or Act 534 payments received by a claimant include workers' compensation benefits. 996 A.2d at 574. Here, in contrast the payments were made to Claimant, not to a third party, and the only issue is whether those payments received by her include workers' compensation. *Brown* held only that evidence that an unemployment compensation claimant received Act 534 payments during his base year was not sufficient by itself to show that he was receiving and eligible for workers' compensation benefits during his base year. 87 A.3d at 1005-06. No showing was made in *Brown* that an NCP was in effect for the claimant's injury during that base year.

Claimant is correct that Employer's Modification Petition cannot terminate or reduce her Act 534 benefits. The WCJ and Board do not have jurisdiction over Heart and Lung Act benefits or Act 534 benefits, and a modification or termination of benefits granted by a WCJ or the Board therefore alters only the employee's rights to workers' compensation, not the employee's rights to Heart and Lung Act benefits or Act 534 benefits. *Ford-Tilghman*, 996 A.2d at 574-75; *Polk Center/Department of Public Welfare*, 682 A.2d at 894-95; *Wisniewski*, 621 A.2d at 1113-15. The Board, however, did not order any modification of Claimant's Act 534 benefits. Rather it ordered only a modification of Claimant's workers' compensation benefits from total disability to partial disability.

8

Because the Board correctly held that Claimant's Act 534 benefits constituted receipt of workers' compensation and that her workers' compensation benefits were therefore subject to modification by an IRE under Section 306(a.2) of the Workers' Compensation Act, we affirm the Board's order.

_____
JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roxanna Nelson, : 
                Petitioner : 
                v. :   No. 692 C.D. 2015
Workers' Compensation Appeal : 
Board (Commonwealth of : 
Pennsylvania), : 
                Respondent : 

## **O R D E R**

AND NOW, this 10th day of December, 2015, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge